Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Jose Camarillo*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CAMARILLO<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; and USCB INC.<br><br>Defendants. | Case No. 5:23-cv-350<br><br>**Plaintiff's Complaint AND DEMAND FOR JURY TRIAL**<br><br>1. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>2. Cal. Civ. Code § 3345<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jose Camarillo ("Plaintiff"), by and through his attorneys, alleges the following against Defendants Kaiser Foundation Health Plan, Inc. ("Kaiser") and USCB, Inc. ("USCB").

## INTRODUCTION

1. Counts I of Plaintiff's Complaint is based upon the RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices connection with the collection of consumer debts.

2. Count II of Plaintiff's Complaint is based upon Cal. Civ. Code § 3345, which allows, in an action brought by a disabled person to redress unfair or deceptive acts or practices or unfair methods of competition, recovery up to three times greater than authorized by the statute, or where, the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

## JURISDICTION AND VENUE

3. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

4. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

5. Because Defendants conduct business within the County of Riverside, State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

Case 5:23-cv-00350-SP     Document 1     Filed 03/01/23     Page 3 of 15     Page ID #:3

## PARTIES

7. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8. Plaintiff is a "disabled person" as defined by Cal. Civ. Code § 1761(g).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person residing in Corona, California.

11. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

12. As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

13. Defendants allege Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendants for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

- 3 -
COMPLAINT AND DEMAND FOR JURY TRIAL

14. Plaintiff allegedly owed a monetary debt to Defendants, which makes Defendant a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

15. Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17. Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves, and is therefore both a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal

Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

18. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

19. At all relevant times herein, Defendant Kaiser was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

20. At all relevant times herein, Defendant USCB was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at its principal place of business located at 355 South Grand Avenue, Suite 3200, Los Angeles, CA 90071.

21. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

22. On or about July 12, 2021, Plaintiff was injured in a work-related accident which required emergency medical treatment or services.

23. Plaintiff's employer accepted liability for the injuries he suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to his work-place injury is not Plaintiff's legal responsibility.

24. Plaintiff's workplace injury necessitated on-going medical treatment, including two surgeries, that was performed by Defendant Kaiser.

25. Defendant Kaiser was aware that Plaintiff had a workers compensation claim and was seeking medical services/treatment related to his workplace accident.

26. Defendant Kaiser sought approval from the workers compensation insurance company for the medical treatment/services it wanted to render, including both surgeries and any other medical treatment/service it rendered related to Plaintiff's workplace injury.

27. The first surgery occurred in or around November 2021 and the second occurred in April 2022.

28. Each and every time Plaintiff visited Defendant Kaiser, he confirmed with Defendant Kaiser that he was being seen for an injury subject to a workers

compensation case and Defendant Kaiser acknowledged that their system reflected that.

29. In or around June 2022, Defendant Kaiser provided Plaintiff medical treatment/services related to his workplace injury.

30. Despite having express knowledge that Plaintiff has an on-going workers compensation claim, and that Kaiser was treating him pursuant to his workers compensation claim, Defendant Kaiser sent Plaintiff a medical bill/statement attempting to collect for the June 2022 medical treatment/services.

31. The statement/bill was attempting to collect an amount of $129.75, of which Plaintiff is not responsible for.

32. Plaintiff informed Defendant Kaiser on at least occasion after receiving the medical bill/statement that the medical treatment/service is subject to his workers compensation claim.

33. However, despite this, Defendant Kaiser continued to contact Plaintiff in an attempt to collect on the alleged debt.

34. Defendant Kaiser even placed collection calls to Plaintiff in an attempt to collect on the alleged debt.

35. Moreover, Defendant Kaiser proceeded to send the alleged debt to a third-party debt collector, Defendant USCB, for collections.

36. In or around February 2023, Defendant USCB sent Plaintiff a collection letter.

37. The February 2023 collection letter was attempting to collect an amount of $136.54 of which Plaintiff was not responsible for.

38. Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

39. Plaintiff was under the belief that all medical treatment/services he received that were related to his workplace injury were not his responsibility and would be paid for by his employer, which is what the law mandates.

40. Plaintiff was repeatedly told by his workers compensation attorney that he was not responsible for the medical service related to his workplace injury, but the repeated collection letters caused him to doubt her attorney.

41. Defendants had in their possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff bills and statements in an attempt to collect on a debt Plaintiff is not legally responsible for.

42. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections

1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

43. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.*, No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

44. Defendants attempted to collect a debt regarding Plaintiff's medical treatment stemming from a work-related injury covered by workers' compensation.

45. The alleged debts Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

46. Moreover, Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

47. Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

48. Defendants' conduct was directed towards Plaintiff, a disabled person.

## COUNT I
## ALL DEFENDANTS
**(Violations of RFDCPA, Cal. Civ. Code § 1788 *et seq.*)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

      b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

      c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

      d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

  e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

  f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

51. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant CMRE
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant CMRE violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection a debt.

b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in its communications that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

f. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

g. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

55. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

56. As a result of the foregoing violations of the FDCPA, CMRE is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
## ALL DEFENDANTS
### (Violations of CAL. CIV. CODE § 3345)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Cal. Civ. Code § 3345(a) provides that this section will apply in an action brought by disabled persons to redress unfair competition or deceptive acts.

59. Cal. Civ. Code § 3345(b) allows a disabled person to recover up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

60. Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

61. Defendants engaged in unfair competition and/or deceptive acts in its unlawful collection activity, including but not limited to, sending collection letters/statements in an attempt to mislead Plaintiff and collect from her amounts of money she does not in fact owe.

62. As a result of Defendants' conduct and violations, Defendant is liable to Plaintiff for three times greater than authorized by the RFDCPA.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Jose Camarillo, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendant CMRE violated the FDCPA;

B. Statutory damages against Defendant CMRE of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendant CMRE pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees against Defendant CMRE pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendant violated the RFDCPA;

F. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Treble damages pursuant to Cal. Civ. Code § 3345;

J. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 1st day of March 2023.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Jose Camarillo*